# In the United States Court of Federal Claims

No. 19-374C
(Filed: June 17, 2019)
**NOT FOR PUBLICATION**

| | |
|---|---|
| KENNYA DONESHIA CURNEY SNEED, ) ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | Tucker Act; Statute of Limitations; Ripeness; Failure to allege a property interest. |

## ORDER OF DISMISSAL

On March 8, 2019, Plaintiff, Kennya Doneshia Curney Sneed ("Ms. Sneed"), acting *pro se*, filed a complaint in this court seeking relief based on a Fifth Amendment taking of her "personality" and "creative ideas" regarding the creation of the U.S. Bureau of Engraving and Printing facility in Fort Worth, Texas and designs for U.S. currency dating back to 1690. *See* Compl. at A-3-A-7. Ms. Sneed seeks $600 centillion. *Id.* at A-3.

On May 7, 2019, Defendant, the United States ("the government"), filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Mot. Dismiss at 1. Ms. Sneed has not responded to the government's motion. For the reasons set forth below, the court finds that the majority of Ms. Sneed's claims are barred by the six-year statute of limitations governing claims arising out of the Tucker Act under 28 U.S.C. § 2501. In

addition, Ms. Sneed's claim that the government has taken her idea of putting a woman's image on U.S. currency is not ripe, because the United States has not yet introduced such currency. Moreover, even if the claim were ripe, Ms. Sneed has not alleged a property interest that could be taken by the government. Consequently, Ms. Sneed's case must be **DISMISSED.**

## I. FACTS

Ms. Sneed's complaint begins with allegations of a taking beginning in 1984, when she was playing as a child and contemplating how she would acquire more money. Compl. at A-5. Ms. Sneed states that at that time her father gave her the idea of "building a new bureau for more money in case something happened to Washington, DC." *Id.* Ms. Sneed alleges that during this conversation, "the government [was] listening because they had built Fort Worth bureau off a taking of personality." *Id.*[1]

Ms. Sneed further alleges that she had the idea of electronic benefits and that two years after the inception of electronic benefits, she had the idea of printing currency in "purple, pink, yellow, gold, blue, peach, and green." *Id.* (referencing a conversation where Ms. Sneed stated "This dollar needs some color.").[2] She also claims that she had

---

[1] It appears that Ms. Sneed is referring to the U.S. Bureau of Engraving and Printing facility in Fort Worth, Texas, which began producing currency in 1990. *History of the BEP and U.S. Currency*, MoneyFactory.gov, https://www.moneyfactory.gov/uscurrency/history.html (last visited June 13, 2019).

[2] It appears that Ms. Sneed is referring to the Electronic Benefit Transfer program, which began a pilot program in 1984 and was implemented by all states by 2002. *A Short History of SNAP*, Food and Nutrition Service, https://www.fns.usda.gov/snap/short-history-snap (last visited June 13, 2019). Additionally, the Bureau of Engraving and Printing began circulation of newly designed notes with "subtle background colors" of green, peach, and blue in the fall of 2003.

the idea of including the images of "Harriet Tubman, Lucretia Mott, Dana, Sojourner, and Eleanor" on currency,[3] and that she provided the United States with the idea to use the Thomas Jefferson nickel. *Id.*[4]

Finally, Ms. Sneed asserts that her personality has been unlawfully used since 1690, "with William Barton the great seal creator, which [she] thinks is [her]." *Id.*[5] Although it is unclear when Ms. Sneed realized that the government had taken her personality, in her complaint she states, "in the early 1980s... this all became to me." *Id.*

## II. LEGAL STANDARDS

A plaintiff acting *pro se* is generally held to "less stringent standards" of pleading than those of a lawyer. *Mone v. United States*, 766 Fed.Appx. 979 (Fed. Cir. 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this liberal standard does not extend to a *pro se* plaintiff's jurisdictional burden, which must be proven by a preponderance of the evidence. *Fid. & Guard. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015); *Henke v. United States*, 60 F.3d 795, 799 (Fed.

---

*History of the BEP and U.S. Currency*, MoneyFactory.gov, https://www.moneyfactory.gov/uscurrency/history.html (last visited June 13, 2019).

[3] The Treasury Department has not yet introduced any currency with Harriet Tubman's image. The Treasury Department has recently stated that it is delaying action on a new paper currency with Harriet Tubman's image for several years. Alan Rappaport, *See a Design of the Harriet Tubman $20 Bill That Mnuchin Delayed*, N.Y. Times, June 14, 2019, https://www.nytimes.com/2019/06/14/us/politics/harriet-tubman-bill.html.

[4] The Jefferson nickel was designed in 1938. *Felix O. Schlaggs's Jefferson Nickel Design*, JeffersonNickel.org, https://jeffersonnickel.org/felix-o-schlagss-jefferson-nickel-design/ (last visited June 13, 2019).

[5] William Barton created a design for the Great Seal in 1782. *Third Great Seal Committee – May 1782*, GreatSeal.com, http://greatseal.com/committees/thirdcomm/index.html (last visited June 13, 2019).

3

Cir. 1997). Jurisdiction is a threshold matter in every case; without it, the court may not proceed. RCFC 12(h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Importantly, the court has an independent duty to determine if it has subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

This court's jurisdiction is defined by the Tucker Act. 28 U.S.C. § 1491. Specifically, the Tucker Act grants this court jurisdiction to hear suits "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon an express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a).

Claims arising from the Tucker Act are subject to a six-year statute of limitations set forth in 28 U.S.C. § 2501, which states in relevant part: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filled within six years after such claim first accrues." A claim under the Tucker Act accrues once all the events necessary to enable the plaintiff to bring suit have occurred. *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006) (holding that a claim accrues once the plaintiff knew or should have known that a claim existed). The Supreme Court has made clear that the statute of limitations set forth in 28 U.S.C. § 2501 is jurisdictional. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (finding that the six-year statute of limitations provided by 28 U.S.C. § 2501 is

"absolute" and "jurisdictional" in order to achieve "a broader system-related goal, such as facilitating the administration of claims").

In addition, this court does not have Tucker Act jurisdiction over claims that are not ripe. *Morris v. United States*, 392 F.3d 1372, 1375 (Fed. Cir. 2004). A claim that is contingent on future events which may or may not occur is not ripe for judicial review. *Systems Application & Tech., Inc. v. United States*, 691 F.3d 1374, 1383 (Fed. Cir. 2012) (citing *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 580-81 (1985)). In order to be justiciable, a claim challenging a government action must present a final agency decision, rather than hypothetical or anticipated government action. *Id.* at 1384.

In ruling on a motion to dismiss pursuant to RCFC 12(b)(1), a court must accept all uncontested factual assertions within the complaint as true and correct. *North Hartland, L.L.C. v. United States*, 309 Fed.Appx. 389, 391 (Fed. Cir. 2009) (citing *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)). The court must also construe all uncontested facts in favor of the plaintiff. *Id.* The court may, however, "look beyond the pleadings" to inquire into jurisdictional facts. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991); *BRC Lease Co. v. United States*, 93 Fed. Cl. 67, 71 (2010).

### III. DISCUSSION

Although it is difficult to discern the precise property interest Ms. Sneed claims was taken, it appears that Ms. Sneed is seeking relief based on a Fifth Amendment taking of her "personality" and "creative ideas" regarding the creation of the Bureau of Engraving and Printing in Fort Worth, Texas and designs for U.S. currency. For the reasons discussed below, the majority of Ms. Sneed's claims are time-barred under 28

U.S.C. § 2501 on the grounds that assuming that her creative ideas could be taken by the government the "taking" of her personality and creative ideas occurred more than six years before Ms. Sneed filed her complaint. Her only contemporary claim concerning putting images of women on paper currency, including Harriet Tubman, is not ripe. Moreover, as noted above, even if her claim were ripe, Ms. Sneed has not alleged a property interest in her "creative ideas" that could have been taken by the government.

Ms. Sneed concedes in her complaint that she was aware of the government actions that give rise to her complaint as early as the 1980s. Compl. at A-5 (stating that she had the idea to establish the U.S. Bureau of Engraving and Printing in Fort Worth, Texas in 1984 and that "in the early 1980s… this all became to me"). Indeed, Ms. Sneed alleges that this taking of her personality may even "dat[e] back to 1690 with William Barton … which [she] thinks is [her]." *Id.* As for her allegations of a "taking" of her idea for electronic benefits and printing money with more color, these claims are also time-barred. *Id.* As discussed above, all of these events occurred well over six years ago. Electronic Benefit Transfer began in a pilot program in 1984 and was implemented by all states by 2002. *A Short History of SNAP*, Food and Nutrition Service, https://www.fns.usda.gov/snap/short-history-snap (last visited June 13, 2019). Additionally, the Treasury Department began printing paper currency with background colors in 2003. *History of the BEP and U.S. Currency*, MoneyFactory.gov, https://www.moneyfactory.gov/uscurrency/history.html (last visited June 13, 2019). For these reasons, the majority of Ms. Sneed's claims are time-barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501.

To the extent that Ms. Sneed claims a taking of her idea to put a woman's image on money, the Treasury Department has not yet put a woman's image on any issued paper currency. *See infra* note 3. Because paper currency with a woman's image has not been issued by the government, this claim is not ripe. *See Systems Application & Technologies, Inc.*, 691 F.3d at 1383. In addition, even if Ms. Sneed's claim were ripe, Ms. Sneed has not alleged a property interest in putting a woman's image on paper currency (or for any of her other creative ideas) that could have been taken by the government. To assert a valid takings claim under the Fifth Amendment, a claimant must possess a "valid property interest." *Wyatt, v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001). There is no claim for taking a "personality" and Ms. Sneed has not alleged that any of her "creative ideas" were protected by a patent or copyright. Because Ms. Sneed has not alleged that she has a protected property interest, she cannot state a valid takings claim and her case would have to be dismissed on this ground, in any event.

IV. **CONCLUSION**

For all of the reasons set forth above, the court hereby **DISMISSES** the complaint for lack of jurisdiction. The clerk is directed to enter judgment accordingly.[6]

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Senior Judge

---

[6] Ms. Sneed's motion for leave to file *in forma pauperis* filed on March 8, 2019 is **GRANTED** for the limited purposes of this motion.